UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED

DEC 07 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-12-GWU

BOBBY G. CHILDERS,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

Childers

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

Childers

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Childers

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Childers

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

Childers

279, 282 (6th Cir. 1985).    Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.    Varley v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Bobby D. Childers, was found by an Administrative Law Judge

(ALJ) to have "severe" impairments consisting of coronary artery disease and

anxiety.   (Tr. 17).    Nevertheless, based in part on the testimony of a vocational

expert (VE) the ALJ determined that Mr. Childers retained the residual functional

capacity to perform a significant number of sedentary level jobs existing in the

economy and, therefore, was not entitled to benefits.   (Tr. 19-24).   The Appeals

Council declined to review, and this action followed.

After an administrative hearing, the ALJ submitted interrogatories to the VE

asking him to assume the correctness of the physical restrictions listed by the

plaintiff's treating cardiologist, Dr. Tarek Abou-Ghazala, in a report dated February

26, 2003, and the correctness of restrictions listed by a consulting psychologist, Dr.

Stuart A. Cooke, in a report dated April 1, 2003.  (Tr. 154).  Dr. Abou-Ghazala limited

the plaintiff to lifting and carrying 10 pounds both occasionally and frequently, and

added that, while Mr. Childers' ability to stand or sit was not affected, he could not

walk "without interruption." (Tr. 530-1).  He should never climb, crouch, kneel, or

7

crawl, could occasionally stoop, and should avoid moving machinery, temperature extremes, and humidity. (Tr. 532). In terms of mental restrictions, Dr. Cooke had concluded that the plaintiff had "no" useful ability to understand, remember, and carry out complex job instructions, and would have a "seriously limited but not precluded" ability to deal with work stresses, but would have at least a "limited but satisfactory" ability to make all other occupational, performance, and personal-social adjustments. (Tr. 538-40). In response, the VE stated that such a person could perform 45 percent of the 200 sedentary job categories noted under the Commissioner's grid rules, and that he specifically could perform the job of production assembler, with 150,000 jobs nationally and 15,000 jobs regionally. (Tr. 154-5).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Counsel for the plaintiff raises only one specific issue on appeal. Conceding that Dr. Abou-Ghazala was a treating source, counsel points to an undated letter written by the physician and addressed "To Whom It May Concern." The letter states that Mr. Childers has extensive coronary heart disease and severe carotid artery stenosis "which renders him disabled." (Tr. 529). The letter included the statement that Mr. Childers had been referred to a surgeon for bilateral carotid angiography with possible stenting for the stenosis and further medical management. (Id.). Although the letter has a heading that indicates it was faxed on March 13,

8

Childers

2003, the patient apparently underwent the procedure described on <u>October 8, 2002</u> (Tr. 458-9), indicating that the letter was almost certainly written well before the February 26, 2003 report which the ALJ relied upon. In any case, the letter goes on state that "Mr. Childers would be harmful to himself and others if he drives any kind of automobile . . . [and he] should not be overexerted and he remains under my Medical Management with restrictions." (Tr. 529). The ALJ stated in his decision that he did not give the letter great weight because it was not consistent with the February 26, 2003 residual functional capacity assessment also completed by the physician. (Tr. 21).

Counsel for the plaintiff argues that this letter, which contains a reference to the plaintiff being "disabled," at least creates an ambiguity and that, under the provisions of 20 C.F.R. Sections 404.1512(e)(1) and 416.912, the ALJ should have contacted Dr. Abou-Ghazala for clarification. The relevant sections initially indicate that the Commissioner will recontact a medical source when the information she receives "is inadequate for [her] to determine whether you are disabled," and that additional evidence for clarification from the medical source will be sought when a report contains "a conflict or ambiguity that must be resolved," a report does not contain "all the necessary information," or if it "does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." In the present case, Dr. Abou-Ghazala submitted a detailed residual functional capacity assessment giving the plaintiff's restrictions, which was accepted without alteration

9

Childers

by the ALJ. The VE, as noted earlier, based his answer on the specific restrictions given by the treating source, and the plaintiff raised no objections to his testimony. The only way in which the undated letter could conceivably assist the plaintiff would be if the Commissioner were required to give controlling weight to a statement that the plaintiff was "disabled." As the Commissioner points out, the regulations and case law do not support this interpretation. See, e.g., Warner v. Commissioner of Social Security, 375 F.3d 387, 391 (6th Cir. 2004). By giving a specific, dated residual functional capacity assessment, which was most probably written later than the statement relied on by the plaintiff, the treating physician has supplied the detailed information needed by the Commissioner to determine Mr. Childers' ability to perform work existing in the national economy. Recontacting the doctor for additional details would be redundant.

The decision will be affirmed.

This the ____7____ day of December, 2005.

G. WIX UNTHANK
SENIOR JUDGE